CHARLEY W. PETERSON, APPELLEE, V. J. ED HANCOCK ET AL., APPELLANTS.

90 N. W. 2d 298

Filed May 16, 1958. No. 34342.

*Clarence S. Beck,* Attorney General, *Homer G. Hamilton,* and *William W. Griffin,* for appellants.

*Francis D. Lee,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

This is an action for a declaratory judgment to determine the constitutionality of what is now section 77-1240.01, R. S. Supp., 1957, and to secure an order to refund a motor vehicle tax alleged to be erroneously and wrongfully collected.

The defendants are the county treasurer and the county assessor of Holt County and the Director of the Department of Roads and Irrigation for the State of Nebraska.

The action was determined upon a general demurrer that the facts stated were insufficient to constitute a cause of action. The demurrer was overruled. The defendants refused to plead further. The trial court rendered a decree holding the section to be unconstitutional and ordered a refund of the motor vehicle tax.

Defendants appeal.

We reverse the judgment of the trial court and remand the cause with directions.

The petition of plaintiff alleges that on July 28, 1955,

he purchased an automobile; on August 4, 1955, he applied to the county treasurer for a license; and that a license was not issued because he refused to pay the motor vehicle tax imposed by section 77-1240.01, R. S. Supp., 1953, in the sum of $19.14.

Plaintiff further alleges that he was assessed in Nebraska and South Dakota for the year 1955 on all personal property owned by him and that the automobile above referred to came into his ownership in exchange for personal property listed and assessed for taxation during the year 1955.

He alleged the unconstitutionality of section 77-1240.01, R. S. Supp., 1953, for three reasons. (1) The act of which this section was a part was enacted on June 11, 1953, was amendatory in nature, repealed certain sections, and did not amend or repeal section 77-1211, R. R. S. 1943. Although not so pleaded, plaintiff here refers to L.B. 165, Laws 1953, c. 268, p. 881. (2) Section 1 of L.B. 165 amends section 60-303, R. R. S. 1943, and section 7 thereof (now section 77-1240.01, R. S. Supp., 1957) imposes a motor vehicle tax in lieu of ad valorem taxes and is in direct conflict with section 77-1211, R. R. S. 1943, in that the latter section makes no distinction between motor vehicles and other types of personal property. (3) That the statute is unconstitutional for the further reason that for the year 1955 compliance therewith resulted in double taxation and was in violation of Article I, section 3, of the Constitution of Nebraska and section 1 of the Fourteenth Amendment to the Constitution of the United States.

The trial court obviously overruled the demurrer on its finding of a conflict between section 77-1240.01, R. S. Supp., 1957, and section 77-1211, R. R. S. 1943.

Here defendants argue that L.B. 165, Laws 1953, c. 268, p. 881, is an act complete in itself and that as such it may repeal, amend, or modify existing statutes without complying with constitutional provisions relating to repeal and amendment of statutes; that section 77-1211,

R. R. S. 1943, is a general statute in conflict with a special statute (L.B. 165) and the special statute prevails; that where there is a conflict between statutes the last enactment in point of time prevails; that a requirement for the payment of taxes as a condition for the registration of a motor vehicle does not result in a denial of due process or equal protection of the law; and that double taxation has not resulted here.

Plaintiff here rests his cause on the argument that L.B. 165 was an amendatory act, not a new and independent act, and hence is unconstitutional. This relates itself to the title of the act, and although not so stated, to the constitutional requirement: "No bill shall contain more than one subject, and the same shall be clearly expressed in the title. And no law shall be amended unless the new act contain the section or sections as amended and the section or sections so amended shall be repealed." Art. III, § 14, Constitution of Nebraska.

The title of L.B. 165, Laws 1953, c. 268, p. 881, is: "An Act to amend * * * (6 sections of the statutes), relating to revenue and taxation; * * * to repeal the original sections and also section 77-1243, Reissue Revised Statutes of Nebraska, 1943; * * *." But it does not stop there. It recites further that it is "An Act * * * to provide for a motor vehicle tax and the manner of assessing motor vehicles and fixing the valuation thereof; to provide when the tax shall be paid; to define terms; to provide credits on the tax; * * *."

The act in addition to its amending and repealing sections enacts some 14 sections under the purposes expressed in the remainder of the title. There is no contention here that more than one subject is contained in the bill and that the same is not clearly expressed in the title.

The authority for the act rests upon the amendment of Article VIII, section 1, of the Constitution of Nebraska, adopted in 1952, relating to revenue by taxation

which provides: "Taxes shall be levied by valuation uniformly and proportionately upon all tangible property and franchises, *except that the Legislature may provide for a different method of taxing motor vehicles;* * * *." (The new matter is italicized by us.)

It is quite apparent that the crucial point in this case as pleaded by the plaintiff is the fact that L.B. 165 does not purport to amend or repeal section 77-1211, R. R. S. 1943; and the alleged conflict between its provisions and the provisions of section 77-1211, R. R. S. 1943, which are: "When any person shall bring personal property into the state or from one county thereof to another county after March 10 and prior to July 1 in any year, it shall be the duty of the owner to list and return such property for taxation that year, unless he shall show to the county assessor or to the county clerk where he is ex officio county assessor, under oath and by producing a copy of the assessment duly certified to by the proper officer of the state or county in which said property was assessed, that the property has been listed for taxation for that year in some other county in this state, or in some other state or territory of the United States, or that such property has been received by him in exchange for money or property already listed for taxation during that year. If such property is brought into any county, after the assessor has made his return for that year to the State Tax Commissioner, the assessor shall at once assess such property and shall enter the same on the tax books as in other cases. The persons so assessed shall have the right to appear before the county assessor at any time before the taxes become due, and the county assessor shall equalize such person's assessment."

We do not determine whether plaintiff's allegations are sufficient to invoke the provisions of section 77-1211, R. R. S. 1943.

The clear answer to the plaintiff's contention as a matter of law is that section 77-1211, R. R. S. 1943, is

not applicable to motor vehicles and there is no conflict between it and section 77-1240.01, R. S. Supp., 1957.

In 1935 the Legislature amended section 77-1401, Comp. St., 1929, so as to read: "Personal property, *except motor vehicles,* shall be listed in the manner following: * * *." (New language italicized by us.) Laws 1935, c. 133, § 1, p. 479. That language has remained in the law and is now a part of section 77-1201, R. S. Supp., 1957. Section 77-1201, R. S. Supp., 1957, was originally enacted as section 28 of Laws 1903, c. 73, p. 394. Section 77-1211, R. R. S. 1943, was originally enacted as section 37 of that same 1903 act.

The Legislature in the 1935 act further provided: "The term 'motor vehicle', as used in this Act, shall be construed to mean and include every motor vehicle and trailer subject to the payment of registration fees under the laws of this state." Laws 1935, c. 133, § 2, p. 480. L.B. 165 (Laws 1953, c. 268, § 2, p. 882, section 77-1238, R. S. Supp., 1957) provided in part: "(1) Motor vehicle shall mean every motor vehicle and trailer subject to the payment of registration fees or ad valorem taxes under the laws of this state; * * *." It follows that the Legislature in 1935 enacted legislation for the taxation of motor vehicles. It is manifest that the only reason for amending section 77-1401, Comp. St. 1929, was to remove motor vehicles from the provisions of the act as to the listing of personal property generally.

The legislative intent that section 77-1211, R. R. S. 1943, does not apply to motor vehicles is further shown by the fact that the Legislature in L.B. 165 repealed section 77-1243, R. R. S. 1943. That section provided: "The county treasurer shall, on March 10, and on the first of each month thereafter, up to and including July 1 of each year, furnish the county assessor or county clerk where he is ex officio county assessor a list of all motor vehicles registered by his office for the current year; *Provided, that any motor vehicle placed on the tax roll after March 10 of any year shall be placed thereon*

*in accordance with the provisions of section 77-1211.*
Such list shall give the name and address of the owner,
township, road district and school district, name of the
manufacturer, motor number, model, type, color of the
car, kind of wheels, number of cylinders, seating capa-
city, weight and carrying capacity, and if a truck, the
year, model or letter denoted by the manufacturer, if
any." (Emphasis supplied.)

The obvious purpose of the repeal of this section was
to remove any applicability of section 77-1211, R. R. S.
1943, to motor vehicles.

The judgment of the trial court is accordingly re-
versed and the cause remanded with directions to ren-
der a declaratory judgment holding that section 77-
1211, R. S. Supp., 1957, has no application to the listing
and assessing of motor vehicles, and to deny the plain-
tiff the relief prayed for against the defendant county
treasurer for a refund of the tax.

REVERSED AND REMANDED WITH DIRECTIONS.